

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 DEC -2  AM 11: 40

CLERK

BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

NICK NEFF and MATTHEW McCREA, individually and on behalf of all similarly situated individuals,

Plaintiffs,

-v-

FLOWERS FOODS, INC., LePage Bakeries, Inc., and CK Sales Co., LLC,

Defendants.

Civil Action No. 5: 15-cv-0254

**CLASS AND COLLECTIVE ACTION COMPLAINT**

(EQUITABLE RELIEF SOUGHT)

Plaintiffs, on behalf of themselves and other similarly situated individuals, by and through their undersigned counsel, file this Class and Collective Action Complaint and aver as follows:

## NATURE OF ACTION

1.      This is a Class and Collective Action Complaint brought to obtain declaratory, injunctive and monetary relief resulting from Defendants' misclassification of their Vermont bakery distributor drivers ("Distributors") as "independent contractors." Defendants Flowers Foods, Inc., LePage Bakeries, Inc. ("LePage"), and CK Sales Co., LLC ("CK"), and their subsidiaries and affiliates (collectively "Flowers" or "Defendants") are in the wholesale bakery business and rely on Distributors to deliver to and stock bakery goods in grocery stores, mass retailers, and fast food chains. Plaintiffs allege violations of the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; violations of Vermont Employment Practices Laws, 21 V.S.A. §§ 341 *et seq.*; the Vermont Consumer Fraud Act, 9 V.S.A. §§ 2451 *et seq.*; and seek Declaratory Judgment pursuant to 28 U.S.C. § 2201 and 12 V.S.A. §§ 4711, *et seq.*

2.     Defendants employ "Distributors" to deliver fresh baked goods and certain cake products to Defendants' customers.  In addition to delivering Flowers' products to Defendants' customers, Distributors stock the products on store shelves and assemble promotional displays designed and provided by Defendants.

3.     Plaintiffs brings their state statutory and common law claims on behalf of a proposed opt-out class pursuant to Federal Rule of Civil Procedure 23 ("Rule 23 Class") consisting of all persons who worked as Distributors for Defendants in the state of Vermont at any time in the six years prior to the filing of this Complaint.

4.     Plaintiffs also bring this action as an opt-in collective action on behalf of Plaintiffs and all similarly situated individuals for violations of the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA Collective Class"), consisting of all persons who worked as Distributors for Defendants in the state of Vermont at any time within three years prior to the filing of this Complaint.

5.     This action challenges both the classification of Distributors as independent contractors and Defendants' denial to Plaintiffs, the Rule 23 Class, and the FLSA Collective Class (together, the "Classes" or the "proposed Classes") of the rights, obligations, privileges and benefits, including overtime compensation, owed to them as employees under the respective state and federal laws.

## PARTIES

6.     Plaintiff Matthew McCrea ("McCrea") is a resident of Franklin County, Vermont who works as a Distributor for Flowers in Vermont. He performs delivery and merchandizing services to local retailers of bakery and snack food products manufactured or sold by Flowers. Plaintiff McCrea operates out of a distribution center run by LePage Bakeries, Inc. in Williston,

Vermont. Plaintiff regularly worked 50–60 hours per week and did not receive overtime premium pay at any time during the class periods.

7.      Plaintiff Nick Neff ("Neff") is a resident of Chittenden County, Vermont who works as a Distributor for Flowers in Vermont. He performs delivery and merchandizing services to local retailers of bakery and snack food products manufactured or sold by Flowers. Plaintiff Neff operates out of a distribution center run by LePage Bakeries, Inc. in Williston, Vermont. Plaintiff Neff regularly worked 50–60 hours per week and did not receive overtime premium pay at any time during the class periods.

8.      Flowers Foods, Inc. is a Georgia corporation with its principal place of business at 1919 Flowers Circle, Thomasville, Georgia, 31757. Flowers Foods hires individuals, whom it classifies as independent contractors, to distribute its products by delivering them to grocery stores and stocking the products on store shelves. Flowers Foods, Inc. employs distributors in 31 states throughout the southern and eastern parts of the United States. Flowers Foods is and at all relevant times was the employer of Plaintiffs and the FLSA Collective Class and Rule 23 Class under North Carolina law.

9.      LePage is a Delaware corporation with its principal place of business at Country Kitchen Plaza, PO Box 1900, Auburn, ME 04211-1900.  LePage operates three bakeries, two in Lewiston, Maine and one in Brattleboro, Vermont.  LePage is a wholly owned subsidiary of Flowers Foods, Inc.  LePage hires individuals, whom it classifies as independent contractors, to deliver and stock bakery and snack food products from its Vermont distribution centers.  LePage is and at all relevant times was an employer under Vermont law.

10.     CK is a Maine Limited Liability Company with its principal place of business at 11 Adamain Drive, Aubrun, Maine 04210. From its inception until 2013, the company has

3

predominately used route sales employees to distribute LePage products. In 2013, it converted its employees, including Plaintiffs, to independent contractors under what it called a franchise distributorship.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1367, supplemental jurisdiction for the Vermont claims.

12.     This Court also has jurisdiction over the claims asserted in this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) because, based upon information and belief, the proposed class contains more than 50 members, the aggregate amount in controversy exceeds $5 million, and Defendants are from different states from Plaintiffs.

13.     Venue is proper in this Court under 28 U.S.C §§ 1391(b)(2) and 1391(c) because a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTUAL BASIS

14.     Defendant Flowers Foods, Inc. is a corporation whose business consists of developing, baking, and distributing bakery and snack food products to retail customers, using a centralized network of communication, distribution, and warehousing facilities.  Distributors are integrated into Flowers' existing network of operations. Three of Defendant Flowers Foods's bakeries and several of its warehouses are operated by Defendants LePage and CK.

15.     Defendant Flowers Foods, by and through its subsidiaries such as Defendants LePage and CK, ships bakery and snack products to warehouses.  Distributors, such as Plaintiffs and members of the proposed Classes, arrive at a warehouse early in the morning and load their vehicles with Defendants' products.

4

16.     The Distributors then deliver the product to Defendants' retailer-customers at the time and place specified by Defendants.

17.     The distribution agreement between Defendants and its Distributors (including Plaintiffs) has no specific end date and can be terminated by either party at any time with limited notice.

18.     Defendant Flowers Foods markets its bakery and snack products to retailers such as Wal-Mart, Harris Teeter, Target, Dollar General, and other grocery stores and mass merchants. Defendant Flowers Foods negotiates with the retailers to set virtually all terms of the relationship including:

   a)     wholesale and retail prices for products;

   b)     service and delivery agreements;

   c)     shelf space to display products;

   d)     product selection;

   e)     promotional pricing for products;

   f)     the right to display promotional materials;

   g)     print advertisements in retailers' newspaper ads; and

   h)     virtually every other term of the arrangement.

19.     In some cases, Flowers Foods negotiates and agrees with retailers and fast food restaurants to manufacture and distribute the retailer's store brand (or private label) bread products.

20.     Defendant Flowers Foods often negotiates the above terms for fresh-baked bread and snack products (which are distributed by Plaintiffs and members of the proposed Classes) at the same time as it negotiates terms for its shelf-stable snack products (which are not distributed

by Plaintiffs). The result is that Distributors' job duties and ability to earn income is tied directly to the sale and promotion of products outside of their control.

21.     Some fresh-baked products are identical to shelf stable products but Flowers sells the warehouse branded product at a lower price than the fresh branded product in direct competition with Distributors.

22.     The relationship between each member of the proposed Classes and Defendants is essentially the same in material respects.

23.     Defendants reserved the right to control Plaintiffs and the members of the proposed Classes in the performance of the manner and means of their work.

24.     The work performed by Plaintiffs and Distributors simultaneously benefits or benefited both Flowers Foods, Inc. and any Flowers subsidiary with whom the Distributor entered a distributor agreement. Plaintiffs and Distributors were hired for the purpose of distributing products for Flowers Foods, Inc.

25.     Plaintiffs and members of the proposed Classes must strictly follow Defendants' instructions and adhere to the pricing, policies, and procedures negotiated between Defendants and their retailer-customers.

26.     Distributors use Defendants' hand-held computer to log the delivery, and Defendants bill customers using the data entered into the computer by the Distributors. The terms of the sale are negotiated between Defendants and its retailer-customer.

27.     Distributors place Defendants' products on the retailer-customer's shelves, remove stale or rejected product, and organize the retailer-customer's display shelf. If Defendants are running a sale or promotion, the Distributor also constructs and stocks the promotional display.

6

28.     Defendants retain the exclusive right to control the manner and means by which Plaintiffs and the Distributors perform their jobs.

29.     Defendants represented to Plaintiffs and other Distributors that they would run their businesses independently, have the discretion to use their business judgment, and have the ability to manage their businesses to increase profitability.

30.     Contrary to its representations, Defendants denied Plaintiffs and other Distributors benefits of ownership and entrepreneurial skill by retaining and exercising the following rights:

    a)    the right to negotiate the wholesale price for the purchase and sale of products;

    b)    the right to negotiate shelf space in the stores in the Distributor's territory;

    c)    the right to negotiate the retail sale price for products;

    d)    the right to establish all sales and promotions and to require Distributors to follow them;

    e)    the right to change orders placed by Distributors, to require them to pay for product they did not order, load it on their trucks, deliver it to stores, maintain the product in the store, remove the product from the store, and return it to the warehouse for credit; Distributors who did not attempt to distribute the extra product were billed for the full wholesale price of that product;

    f)    the right to assign delivery stops to each Distributor in a particular order and require Distributors to get approval for following a different order;

    g)    the right to discipline Distributors, up to and including termination, for reasons including hiring employees to run their routes, taking time off

work, or for refusing a specific order to deliver a product to a particular store at a particular time;

h) the right to handle customer complaints against the Distributor and to take disciplinary action;

i) the right to withhold pay for certain specified expenses;

j) the right to unilaterally terminate the employment relationship;

k) the right to unilaterally vary the standards, guidelines, and operating procedures; and

l) various other rights reserved by Defendants.

31. Plaintiffs and members of the Classes were, or are, required to accept Defendants' conditions of employment or face termination.

32. In another example, Defendants routinely modify a Distributor's product orders to increase the amount of the order. If a Distributor refuses the additional product, Defendants bill the Distributor for the product and deduct the cost from the Distributor's wages.

33. Defendants require the Distributors to process all transactions through a hand-held computer it provides to them. The hand held computer controls the product prices, maintains customer information, tracks mileage, and monitors business performance.

34. Defendants control the Plaintiffs' and Distributors' opportunities for profit or loss both by controlling wholesale pricing and negotiating retail pricing. Specifically, Defendants negotiate the sale of its products with major retailers. Plaintiffs and members of the Classes then deliver the products to store locations per the agreement between Defendants and the retailer. Plaintiffs lack discretion as to what products to distribute to a particular store, whether to run

sales or promotions, how frequently to service stores, and similar discretion that would allow them to increase (or decrease) the profitability of their work.

35.     Distributors' investment in equipment to operate their route is relatively low. Many distributors use their personal vehicles and a trailer to transport Flowers products to retailers. Apart from the purchase of a small trailer, there is no other investment necessary because Defendants provide computer equipment, administrative support, warehouse space, advertisements, promotional materials, bakery trays, market advice, strategic development, and virtually every other business necessity. Plaintiffs and Distributors typically drive a small box truck five days a week, and routinely use their small personal cars to transport Flowers products. Defendants even arrange for insurance and vehicle financing on behalf of Distributors; Distributors pay for the insurance through wage deductions.

36.     The distribution job performed by Plaintiffs and Distributors does not require specialized skills.

37.     Plaintiffs and Distributors provide services that are an integral part of Defendants' enterprise, a baked goods distribution system.

38.     Despite their pervasive control over the means and manner of the Plaintiffs' and Distributors' work, Defendants have uniformly classified all Distributors as "independent contractors."

39.     Because they were misclassified as non-employees, Plaintiffs and Distributors were denied the rights and benefits of employment, including, but not limited to overtime premium wages.

40.     Plaintiffs and Distributors have incurred expenses for equipment, insurance, product loss, product return, and other expenses that Defendants have required them to purchase or pay, or that are necessary for their work.

41.     Plaintiffs and Distributors work, on average, a total of 50–55 hours during a seven-day workweek for which no Plaintiff or, upon information and belief, member of the proposed Classes has received overtime premium wages.

42.     Defendants' mischaracterization of the Distributors as "independent contractors," the concealment or non-disclosure of the true nature of the relationship between Defendants and the Distributors, and the attendant deprivation of substantial rights and benefits of employment are part of an on-going unlawful practice by Defendants which this Court should enjoin.

## COLLECTIVE ACTION ALLEGATIONS

43.     Plaintiffs bring Count I of this Complaint as a collective action, alleging violations of the FLSA on behalf of themselves and all similarly situated individuals.   The proposed FLSA Collective Class is defined as:

> All persons who are or have performed work as "Distributors" for any Defendant in the State of Vermont under a "Distributor Agreement" or a similar written contract that they entered into during the period commencing three years prior to the filing of this Complaint through the trial in this action.

Plaintiffs reserve the right to modify this definition prior to conditional certification of the FLSA Collective Class.

44.     Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).  Plaintiffs' signed consent forms are attached as Exhibit A.

45.     Plaintiffs and members of the FLSA Collective Class are similarly situated in that they signed a Distributor Agreement or similar contract, have substantially similar job

requirements, pay provisions, and are subject to Defendants' pervasive right to control their daily job functions.

46.    Plaintiffs and members of the FLSA Collective Class routinely worked in excess of forty (40) hours in a week without overtime compensation.

47.    Plaintiffs and members of the FLSA Collective Class routinely drove their personal vehicle in the performance of their work for Defendants and/or drove a box truck with a gross motor vehicle weight of 10,000 pounds or less.

48.    Upon information and belief, Defendants knew that Plaintiffs and all similarly situated individuals performed work that required overtime pay and knowingly and willfully failed to pay Plaintiffs and similarly situated individual's overtime wages due and owing.

49.    Defendants have therefore operated under a scheme to deprive Plaintiffs and the FLSA Collective Class of overtime compensation by failing to properly compensate them for all time worked.

50.    Defendants' conduct, as set forth in this Complaint, was willful and has caused significant damages to Plaintiffs and the FLSA Collective Class.

51.    Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and all similarly situated individuals, and notice of this lawsuit should be sent to them. Those similarly situated individuals are known to Defendants and are readily identifiable through Defendants' payroll records.

## CLASS ACTION ALLEGATIONS

52.    Plaintiffs bring this Complaint as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a "Rule 23 Class" defined as follows:

> All persons who are or have performed work as "Distributors" for any Defendant in the State of Vermont under a "Distributor Agreement" or a similar written contract during the period

11

commencing six years prior to the filing of this Complaint through
the trial in this action.

Plaintiffs reserve the right to redefine the Rule 23 Class prior to class certification.

53.     Numerosity: Members of the Rule 23 Class are so numerous that their individual

joinder is impracticable. The precise number of Class members is unknown to Plaintiffs.

However, upon information and belief, it is in excess of 40 individuals. The true number of Class

members is, however, likely to be known by Defendants, and thus, Class members may be

notified of the pendency of this action by first class mail, electronic, and published notice.

54.     Commonality: There are numerous questions of law and fact common to Plaintiffs

and the Rule 23 Class; those questions predominate over any questions that may affect individual

Class members, and include the following:

a)      Whether Plaintiffs and members of the Rule 23 Class have been
misclassified as independent contractors and actually were or are
employees of Defendants as defined in 21 V.S.A. § 341;

b)      whether Defendants have violated the rights of Plaintiffs and members of
the Rule 23 Class under the Vermont Employment Practices Act by
making illegal deductions from their wages, depriving them of overtime
and other benefits of being employees and requiring them to pay
Defendants' expenses;

c)      whether Defendants have violated the Vermont Consumer Fraud Act, 9
V.S.A. § 2451 *et seq.*, by engaging in unfair and deceptive acts or
practices in or affecting commerce;

d)      Whether Plaintiffs and members of the Rule 23 Class are entitled to injunctive relief prohibiting Defendants from making illegal deductions from the wages of Plaintiffs and members of the Class;

e)      Whether Plaintiffs and members of the Rule 23 Class are entitled to declaratory relief declaring that they are employees of Defendants;

f)      Whether Plaintiffs and members of the Class are entitled to injunctive relief requiring Defendants to convey to Plaintiffs and the Class the rights, privileges and benefits of employees.

55.     Typicality: Plaintiffs' claims are typical of the other members of the Rule 23 Class. Plaintiffs are informed and believe that, like other distributors, Plaintiffs were misclassified as "independent contractors" when they actually were statutory and common-law employees, and were therefore deprived the protections of employee status under the law. Plaintiffs had the same duties and responsibilities as other Rule 23 Class members, and were subject to the same policies and practices, and the same or substantially similar conditions of employment.

56.     Adequacy: The Plaintiffs will adequately represent the interests of the Rule 23 Class. They have been treated in the same manner as other Class members by Defendants and have been damaged by this treatment in the same manner as other Class members by their loss of overtime premium wages, their exclusion from employee compensation programs, plans and agreements, and their payment of Defendants' expenses. Plaintiffs are committed to vigorously prosecuting this action. Plaintiffs have retained attorneys who are well qualified to handle lawsuits of this type. Plaintiffs have no interests that are adverse to those of the Rule 23 Class.

57.    Predominance: This case should be certified as a class action because the common questions of law and fact concerning Defendants' liability predominate over any individual questions, including the amount of damages incurred by each person.

58.    Superiority: A class action is the only realistic method available for the fair and efficient adjudication of the claims of the Rule 23 Class. The expense and burden of individual litigation makes it impracticable for members of the Rule 23 Class to seek redress individually for the wrongful conduct alleged in this Complaint. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be contrary to the interest of justice and equity. Litigating these claims in a single action will streamline discovery and avoid needless repetition of evidence at trial.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
## 29 U.S.C. §§ 201 *et seq.*
## Overtime Violations
(Brought by Plaintiffs on behalf of themselves and the FLSA Collective Class)

59.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

60.    Section 207(a)(1) of the FLSA provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

61.    Plaintiffs and the FLSA Collective Class routinely drive or drove their personal vehicles for work and therefore there are no exemptions applicable to the FLSA Collective Class.

62.     For purposes of the FLSA, the employment practices of Defendants were and are uniform in all respects material to the claims asserted in this Complaint throughout the State of Vermont.

63.     Plaintiffs and the other members of the FLSA Collective Class, either regularly or from time to time, worked more than 40 hours per week, but did not receive overtime pay.

64.     At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

65.     In committing the wrongful acts alleged to be in violation of the FLSA, Defendants acted willfully in that they knowingly, deliberately, and intentionally failed to pay overtime premium wages to Plaintiffs and other members of the FLSA Collective Class.

66.     As a result of Defendants' failure to pay overtime premium wages, Plaintiffs and the other members of the FLSA Collective Class were damaged in an amount to be proved at trial.

67.     Therefore, Plaintiffs demand that they and the other members of the FLSA Collective Class be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus interest, damages, penalties, and attorneys' fees as provided by law.

**COUNT II**
**DECLARATORY JUDGMENT**

(Brought by Plaintiffs on behalf of themselves and the Rule 23 Class)

68.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding Paragraphs.

69.     Under the relevant laws of the United States and Vermont, Defendants have misclassified Plaintiffs and Rule 23 Class members as independent contractors rather than

15

employees; therefore, pursuant to 28 U.S.C. § 2201 and 12 V.S.A. § 4711, *et seq.*, this court should issue a declaratory judgment establishing that the Plaintiffs and Rule 23 Class members are or were employees of Defendant, and that the Plaintiffs and Rule 23 Class members are or were therefore entitled to all the rights and benefits of employment pursuant to the laws of the United States and Vermont.

**COUNT III**
**VIOLATION OF VERMONT EMPLOYMENT PRACTICES LAW**
**21 V.S.A. §§ 341 et seq.**
(Brought by Plaintiffs on behalf of themselves and the Rule 23 Class)

70.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding Paragraphs.

71.    As established above, Plaintiffs and the Rule 23 Class members are employees, not independent contractors.

72.    It is unlawful under 21 V.S.A. § 342(a)(1) for an employer to require or permit an employee to work without paying compensation for all hours worked.

73.    It is unlawful under 21 V.S.A. § 384(b) for an employer to require or permit a non-exempt employee to work in excess of 40 hours per week without paying overtime.

74.    It is unlawful under 21 V.S.A. § 384(c) for an employer to deduct from wages except for "board, lodging, apparel, rent, or utilities paid or furnished or other items or services or such other conditions or circumstances as may be usual in a particular employer-employee relationship."   Under Vt. Admin. Code 13-1-101:10, it is unlawful for an employer to make deductions for goods or services unless the employee provides written authorization.   It is unlawful to fail to *fully* itemize deductions in an employees' wage statement under Vt. Admin. Code § 13-1-101:6.

75.     The position of Distributors does not meet the standards for any exemption under Vermont Wage Law, 21 V.S.A. § 384(b).

76.     Defendants, through their policies and practices described above, willfully violated Vermont Wage Laws throughout the statutory period, and continuing through the present, as follows:

a.     By failing to pay the Plaintiffs and other members of the Rule 23 Class their earned wages for all hours worked, in violation of 21 V.S.A. § 342(a)(1);

b.     By failing to pay the Plaintiffs and other members of the Rule 23 Class overtime pay at the rate of time and one-half their regular rate of pay for all hours of overtime worked, in violation of 21 V.S.A. § 384(b);

c.     By making deductions from wages in violation of 21 V.S.A. § 384(c) and Vt. Admin Code 13-1-101:10, including, but not limited to, deductions for warehouse fees, fuel, stale product, vehicle payments, inventory charges, "charge backs," and distributor fees;

d.     By failing to make, keep, and preserve accurate time records with respect to the Plaintiffs and other members of the Rule 23 Class sufficient to determine their wages and hours in violation of 21 V.S.A. § 393;

e.     By failing to provide lawful notice to the Plaintiffs and other members of the Rule 23 Class of its policies and practices or of any change in its policies and practices concerning compensation in violation of 21 V.S.A. § 342; and

f.     By other practices in violation of Vermont law.

77.     Defendants' actions, described above constitute continuing violations of Vermont's Employment Practices Laws.

78.     As set forth above, the Plaintiffs and other members of the Rule 23 Class have sustained losses in compensation as a proximate result of defendants' violations of Vermont Law. Accordingly, the Plaintiffs, on behalf of themselves and the Rule 23 Class members, seek damages in the amount of their unpaid earned compensation, including for amounts unlawfully deducted, plus liquidated damages, as provided by 21 V.S.A. §§ 347 and 395, as well as for penalties as provided by law under 21 V.S.A. §§ 345 and 394.

79.     Plaintiffs, on behalf of themselves and Rule 23 Class members, seek recovery of their attorneys' fees and costs, as provided by 21 V.S.A. §§ 347 and 395.

**COUNT IV**
**VIOLATION OF VERMONT'S CONSUMER FRAUD ACT**
**9 V.S.A. § 2451 *et seq.***
(Brought by Plaintiffs on behalf of themselves and the Rule 23 Class)

80.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

81.     The Vermont Consumer Fraud Act prohibits unfair or deceptive acts or practices in commerce. 9 V.S.A. § 2453.

82.     Plaintiffs and the Rule 23 Class members are "consumers" within the meaning of the Act because they "purchase[], lease[], contract[] for, or otherwise agree[] to pay consideration for goods or services not for resale in the ordinary course of [their] trade or business but for the use or benefit of his or her business or in connection with the operation of his or her business." 9 V.S.A. § 2451a(a).

83.     Defendants are "sellers" because they are regularly engaged in selling goods or services to Plaintiffs and Rule 23 Class members.  9 V.S.A. § 2451a(c).

84. A deceptive act or practice is a material representation, practice, or omission likely to mislead a reasonable consumer. *See, e.g.*, *Madowitz v. Woods at Killington Owners Ass'n Inc.*, 93 A.3d 571, 579 (Vt. 2014).

85. Defendants' acts, including but not limited to Defendants' failure to disclose their competing interests to Plaintiffs in connection with Plaintiffs' purchase of their Distributorship, was an unfair or deceptive omission that is actionable under the statute.

86. Defendants' represented to Plaintiffs and Rule 23 Class members that they would not act in such a way as to undermine Distributors' business and that they would cooperate with Distributors in their sales efforts. In reality, Defendants acted to undermine Plaintiffs and the Rule 23 Class members business by:

    a. Requiring Distributors to pay the costs to deliver near-zero profit margin store brand bread so that Flowers Foods may have a competitive advantage with the retailer with respect to other product lines;

    b. Requiring Distributors to service locations that are unprofitable (i.e. the Distributor essentially services the location for free or at a loss when he includes the cost of vehicle fuel and related expenses) in a particular territory so that Defendants can enjoy the right to service other locations for the retailer, which may be profitable for the Defendants;

    c. Other unfair and deceptive acts that undermined Plaintiffs' and the Rule 23 Class members' business.

87. Defendants' acts were "in commerce" because Plaintiffs and Defendants were engaged in a buyer-seller relationship.

88.     Plaintiffs and the Rule 23 Class have been adversely affected and directly harmed by these Defendants' representations, practices, and omissions because it caused them to have fewer orders to fill, sell less product, and consequently, affected their profits.

89.     Accordingly, Plaintiffs and the Rule 23 Class seek all the statutory remedies to which they are entitled under 9 V.S.A. § 2461(b), including, but not limited to, injunctive relief, compensatory damages, a multiplier to be applied to those damages, prejudgment interest, costs and attorneys' fees.

**COUNT V**
**(In the Alternative)**
**RESCISSION OF OPERATING AGREEMENT AND UNJUST ENRICHEMTN**
(Brought by Plaintiffs on behalf of themselves and the Rule 23 Class)

90.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding Paragraphs.

91.     As shown above, despite the express terms of the Distribution Agreement, Plaintiffs' and the Rule 23 Class members' relationship with Defendants satisfies the test for employment and not for independent contractor status.

92.     As a result of this mischaracterization, Plaintiffs and the Rule 23 Class have been deprived of the benefits of employment and have been forced to pay substantial sums of their own money for work-related expenses.

93.     The Distribution Agreement is therefore void as against the public policy of Vermont and must be rescinded.

94.     By misclassifying its employees as "independent contractors," and further by requiring those employees to pay Defendants' own expenses, Defendants have been unjustly enriched.

95.     Plaintiffs and the Rule 23 Class have rendered services to the Defendants, with the Defendants knowledge, and under circumstances that make it reasonable for the Plaintiffs and the Rule 23 Class to expect payment and inequitable for the Defendants to retain.  Plaintiffs and the Rule 23 Class are therefore entitled to the *quantum meruit* value of the services rendered to Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request of this Court the following relief on behalf of themselves, all members of the Classes and all other similarly situated individuals:

a.     Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

b.     Judgment that Plaintiffs and those similarly situated are non-exempt employees entitled to protection under the FLSA;

c.     Judgment against Defendants for violation of the overtime provisions of the FLSA;

d.     Judgment that Defendants' violations of the FLSA were willful;

e.     An Order certifying the Rule 23 Class, appointing Plaintiffs as Class Representative, and appointing the undersigned counsel of record as Class Counsel;

f.     An Order for declaratory and injunctive relief designating the Plaintiffs and members of the Rule 23 Class as employees and enjoining Defendants from pursuing the illegal policies, acts and practices described in this Complaint;

g.       An Order declaring the Defendants' conduct as willful, not in good faith and not based on reasonable grounds;

h.       An Order requiring Defendants to compensate Plaintiffs and the other members of the Class for the reasonable value of the benefits Plaintiffs provided to Defendants;

i.       Reimbursement of unpaid wages at overtime rates for all overtime work as described in this Complaint;

j.       Reimbursement of illegal deductions from Plaintiffs and the Rule 23 Class wages;

k.       Equitable restitution in the form of ill-gotten gains;

l.       Payment of any penalties or other amounts under any applicable laws, statutes or regulations, including but not limited to liquidated damages;

m.       Judgment in favor of each Class member for damages suffered as a result of the conduct alleged herein, to include pre-judgment interest;

n.       Award Plaintiffs reasonable attorneys' fees and costs;

o.       Award Plaintiffs and the other members of the Classes punitive damages in an amount to be determined at trial; and

p.       Grant such other and further legal and equitable relief as this Court deems just and necessary.

Dated: December 1, 2015

Patrick J. Bernal, Esq.
Witten, Woolmington, Campbell & Bernal, P.C.
4900 Main Street
P.O. Box 2748
Manchester Center, Vt 05255
pjb@wittenetal.com
802-362-2560

BAILLON THOME JOZWIAK & WANTA LLP
Shawn J. Wanta
Christopher D. Jozwiak
Patricia A. Bloodgood
100 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 252-3570
Facsimile: (612) 252-3571


LOCKRIDGE GRINDAL NAUEN P.L.L.P.
Susan E. Ellingstad
Rachel A. Kitze Collins
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

Attorneys for Named Plaintiffs