UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

NICK NEFF and MATTHEW McCREA, )
individually and on behalf of all similarly )
situated individuals, )
)
    Plaintiffs, )
)
        v. )  Case No. 5:15-cv-254
)
FLOWERS FOODS, INC., LEPAGE )
BAKERIES, PARK STREET, LLC, and )
CK SALES CO., LLC, )
)
    Defendants. )

## OPINION AND ORDER
(Doc. 31)

Plaintiffs have filed a Motion for Conditional Certification in this employment case. Plaintiffs claim that Defendants Flowers Foods, Inc. ("Flowers Foods"), LePage Bakeries Park Street, LLC ("LePage"), and CK Sales Company, LLC ("CK Sales") violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, by misclassifying their bakery distributor drivers as independent contractors, thus depriving them of overtime pay due under the FLSA.

Plaintiffs seek conditional certification of a class of plaintiffs under 29 U.S.C. § 216(b), which authorizes collective enforcement of FLSA violations. The proposed class consists of distributors (commonly known as "route drivers" in the bakery business). Plaintiffs describe the class as:

> All persons who are or have performed work as "Distributors" for Defendants under a "Distributor Agreement" or a similar written contract with LePage Bakeries or CK Sales that they entered into during the period commencing three years prior to the commencement of this action through the close of the Court-determined opt-in period and who file a consent to join this action pursuant to 29 U.S.C. § 216(b). (Doc. 31 at 1.)

1

Plaintiffs also seek class action certification under Fed. R. Civ. P. 23 for state law causes of action.

The court GRANTS Plaintiffs' motion (Doc. 31) IN PART, regarding the Distributors employed in Vermont, New Hampshire, Massachusetts, Connecticut, Rhode Island, and New York, and DENIES with respect to Distributors in Maine who are already subject to a similar lawsuit brought by the same counsel.

I.      FACTS

The court draws the following facts from the complaint and the motion for conditional certification and supporting memorandum (Docs. 1, 31, and 31-1) as well as the Defendants' memorandum (Doc. 42).

Flower Foods is a corporation which prepares and distributes bakery and snack food products to retailers such as local grocery stores, fast food chains, and large national stores like Wal-Mart and Dollar General. It operates in many parts of the United States. In 2012 Flower Foods acquired LePage Bakeries. (Doc. 42 at 3.) LePage is now a subsidiary of Flower Foods. LePage operates three bakeries, two in Maine and one in Vermont. CK Sales, a subsidiary of LePage, is based in Maine and, together with LePage, operates several warehouses.

Defendants employ Distributors to function as the "last mile" delivery service for Flowers Foods. The Distributors pick up baked goods from warehouses and deliver the product to Defendants' customers, stock shelves, and return unsold inventory.

The dispute between the parties concerns the eligibility of the Distributors for over-time pay under the FLSA and other provisions of law. Defendants contend that the Distributors are independent contractors who are not entitled to over-time. Each Distributor has entered into one or more distribution agreements which identifies them as independent contractors. Each is

responsible for an exclusive territory which he or she has purchased from Defendants. A Distributor may have employees of his or her own and may hold more than one territory. Some may not drive the route themselves. Under some circumstances, a Distributor may be able to sell a territory to someone else. Defendants decline to pay overtime pay to independent contractors.

The Distributors contend that every Distributor is require to enter into a "cookie-cutter" distribution agreement with Defendants which requires them to deliver product at the time and locations specified by Defendants. They point out that terms such as price and product selection are all negotiated by Defendants with the retailers. Many Distributors were employees at LePage before Flower Foods acquired the company. Plaintiffs contend that they are still employees in practice and for purposes of the FLSA and other employment laws even if they are called "independent contractors" by their employer.

## II.    ANALYSIS

The FLSA contains a provision authorizing collective enforcement of its terms. 29 U.S.C. § 216(b) allows "any one or more employees for and in behalf of himself or themselves and other employees similarly situated" to bring an action against an employer for unpaid overtime and minimum wage violations. An employee may join such a lawsuit by giving written consent and filing that consent with the court. If a plaintiff files on behalf of other employees and seeks certification of a class, the district courts have discretion to certify the class and order notice to potential plaintiffs of the pending FLSA action. The class consists only of plaintiffs who decide to join in the litigation and file a written consent with the court. The district courts exercise discretion in recognizing the potential class and authorizing notice to potential plaintiffs. *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010); *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 270–72 (1989); *Forauer v. Vt. Country Store, Inc.*, No. 5:12-cv-276, 2013 WL

3

3967932, at *3–4 (D. Vt. July 31, 2013). Certification of a class of employees is consistent with the remedial purpose of the FLSA and the court's interest "in avoiding multiplicity of suits." *Braunstein v. E. Photographic Labs, Inc.*, 600 F.2d 335, 336 (2d Cir. 1978).

### A. The Two-Step Approach

Courts within the Second Circuit commonly follow a two-step approach to certification of a collective action under section 216(b) of the FLSA. "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555. This step may be ordered after a "modest factual showing" that plaintiffs and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997). The second step requires a review by the court on a fuller record of whether the plaintiffs who have chosen to opt in "are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 555. This two-step approach is followed by federal courts around the United States. *See, e.g., Rehberg v. Flowers Baking Co. of Jamestown, LLC*, No. 3:12-cv-00596-MOC, 2015 WL 1346125, at *14 (W.D.N.C. Mar. 24, 2015); *Coyle v. Flower Foods Inc.*, No. CV-15-01372-PHX-DLR, 2016 WL 4529872, at *2 (D. Ariz. Aug. 29, 2016).

This court will follow the two-step procedure and limits this decision to the first step which requires a modest factual showing of a common policy or plan that violates the FLSA. Before reaching that issue, however, the court considers decisions around the nation in similar claims against Flower Foods.

In *Rehberg*, the district court certified a collective action under the FLSA. The allegations are virtually identical to those in this case. Baking and distribution of Flowers

4

products in North Carolina are managed by Flowers Baking Co. of Jamestown, another subsidiary of Flowers Foods, Inc. Plaintiffs are a group of bakery product distributors who filed suit under the FLSA and North Carolina law claiming that they were misclassified as independent contractors and were therefore denied overtime pay. In denying the defendants' motion to decertify the FLSA class at the second step of the certification analysis, the court determined that the Plaintiffs were "similarly situated" for purposes of section 216(b) because they all signed similar distribution agreements with defendants, had similar job duties, and were subject to the same classification by defendants as independent contractors. *Id.* at 15. Variations in the circumstances of individual employees was held insufficient to overcome evidence that they were similarly situated. Similarly, differences in the facts supporting various defenses were insufficient to overcome the broad similarities among class members. Finally, the court found that fairness and procedural considerations supported the resolution of common issues in a single collective proceeding.

Courts have reached the same result in *Coyle* and *Stewart v. Flowers Foods, Inc.,* No. 15-cv-01162-JDH-egb, 2016 WL 5122041 (W.D. Tenn. Aug. 12, 2016) (report and recommendation), adopted 2016 WL 5118309 (W.D. Tenn. Sept. 20, 2016).

Plaintiffs in this case have made the "modest showing" required to satisfy the first step of the certification process. The route drivers have all signed similar distribution and franchise agreements and Flower Foods has declined to pay overtime to any of them based upon these agreements. All Plaintiffs are employed by LePage and CK Sales. Defendants' objections to initial certification focus on claims that the distribution agreement and related documents resolve the question of whether the drivers are self-employed. This contention goes to the merits of the claim and does not disqualify Plaintiffs from seeking to form a class of distributors who have

5

received similar treatment by Defendants. Plaintiffs do not need to prove at the first step that they were actually misclassified in order to bring a collective action. *See Lynch*, 491 F. Supp. 2d at 368; *Forauer*, 2013 WL 3967932, at *4. It is sufficient to demonstrate that they have been treated alike by the same employer for similar reasons.

Defendants also contend that the distributors in the proposed class vary greatly in their investment in their businesses, the scale of their operations, and in how they perform their jobs. For instance, some Distributors work in multiple territories and hire employees to help deliver products. Others work alone in a more limited territory. (Doc. 42 at 4–12). Despite these differences, common issues predominate. Plaintiffs' complaint and sworn declarations describe their job duties under their Distribution Agreements and state that Defendants hold all Distributors to the same performance standards and protocols. (Doc. 1: Doc. 31-5 at 3–7; Doc. 31-6 at 3–7). Plaintiffs have also provided copies of their own Distribution Agreements which are substantially similar in all material respects. These agreements all describe the Plaintiffs as self-employed. Plaintiffs have provided sworn declarations that Defendants' company-wide policy is not to pay overtime to Distributors because of the Defendants' determination that they are self-employed.

The court concludes that Plaintiffs have met their burden on the first of the two-step analysis. They have made a sufficient showing that the Distributors are "similarly situated" to justify asking the other Distributors whether they wish to "opt-in" and join Plaintiffs' lawsuit. The motion for conditional certification (first-step) is GRANTED.

## B. Geographic Scope of the Proposed Class

Cases against Flower Foods and its subsidiaries under the FLSA have typically followed the company's own organizational pattern. In *Coyle*, the district court rejected a request from the

defense that the collective action should be certified only for the Tucson, Arizona distributors because the named plaintiffs worked out of the Tucson distribution center. In certifying a state-wide class, the court noted that "all Arizona Distributors are controlled by the same subsidiary of Flowers: Holsum. And it is reasonable to infer that Holsum uses the same Distributor Agreement at all twelve of its Arizona warehouses. As such, the Court will not limit the scope of the proposed collective action." *Id.* at 6.

In *Stewart v. Flower Foods*, 2016 WL 5122041 (W.D. Tenn. Aug. 12, 2016), the magistrate judge did not recommend a request from the defendant that conditional certification be limited to the three warehouses where the named plaintiffs actually worked. The judge recommended conditional certification of a class consisting of all distributors who contracted with Flowers Baking Co. of Batesville, LLC within Tennessee. The judge rejected a broader claim for a nationwide class. These recommendations were recently accepted by the district court.

Similarly, the class in *Rehberg*, was defined as all distributors employed by Flowers Baking Co. of Jamestown, LLC within the State of North Carolina. *Rehberg*, 2015 WL 1246125, at *20.

In this case, the Plaintiffs seek conditional certification of all Distributors employed by LePage Bakeries and CK Sales. These include Distributors in all six New England states and a portion of New York. (Doc. 42 at 2.) The common thread is that every Distributor has signed a distribution agreement with CK Sales.

The Court concludes that for purposes of conditional certification, all Distributors who have contracted with CK Sales should receive notice. The exception is Distributors working in Maine. These individuals are already the subject of an identical action, filed by the same

attorneys, seeking overtime pay for CK Sales distributors in Maine. There is no good reason for sending overlapping notices inviting the same people to join two lawsuits. With respect to distributors in the other states, however, the common feature of their employment relationship is that they signed contracts with the same company for the same type of work and that CK Sales relies upon the same provisions in these contracts in denying them overtime pay.

Because this is a two-step process, the Defendants will have an opportunity to point out problems and unbridgeable differences between Plaintiffs after the parties know who intends to join in the lawsuit. For the same reason, exemptions from the FLSA for certain employees (certain motor vehicle operators or sales personnel) may be considered at the second stage when the parties will know whether these statutory exceptions apply. Many of the issues raised in the Defendants' memorandum will be appropriate for consideration at the second step. These issues may include problems raised by Plaintiffs in different states with different state law remedies. But at this preliminary stage, the court is satisfied that notice to all Distributors who have signed distribution agreements with CK Sales is appropriate.

### C. Proposed Notice

The court approves the form of notice supplied by Plaintiffs as well as the posting of a placard at each warehouse. The court seeks to maximize notice to potential plaintiffs in order to give each Distributor time and an opportunity to make a considered decision about whether to join this action or not. The "Summary of the Case" paragraph provides an adequate and neutral explanation of the position of the Defendants.

The court imposes the following conditions on notice. First, a 90-day period is sufficient between the date of notice and the deadline for response. The Defendants shall supply a list of all Distributors subject to this lawsuit within 30 days. The list shall include names, addresses, e-

mail address and telephone numbers. The Plaintiffs are authorized to send the requested follow-up notices. The Plaintiffs are authorized to set the date of notice after receiving the list of Distributors and to send out the notice and follow up notices. Notice and the opt-in process shall be complete not later than March 1, 2017.

The Defendants are ordered to post copies of the notice at each warehouse location where Distributors pick up bakery products for delivery. The notice shall be posted in the break room or other location where Defendants post other notices and information for the Distributors.

The court sees no need to include partial or entire social security numbers in the certification process. Absent further application to the court and for good cause, Plaintiffs shall not obtain social security numbers from Defendants or from prospective class members. The "Consent to Join FLSA Class" shall be modified in this respect. The reason for this limitation is obvious. With name, address, date of birth, and social security numbers disclosed, identity theft becomes a real hazard and the court does not wish to require disclosure of social security numbers as a condition of participating in a federal lawsuit.

Dated at Rutland, in the District of Vermont, this 7th day of November, 2016.

_____
Geoffrey W. Crawford, U.S. District Judge

9