UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| NICK NEFF and MATTHEW McCREA individually and on behalf of similarly situated individuals, | Court File No. 5:15-cv-00254-gwc |
| Plaintiffs, | **DECLARATION OF SHAWN J. WANTA** |
| v. | |
| FLOWERS FOODS, INC., LEPAGE BAKERIES, INC. and CK SALES CO., LLC, | |
| Defendants. | |

I, Shawn J. Wanta, declare as follows:

1. I am a partner at the law firm of Baillon Thome Jozwiak & Wanta LLP. I am Class Counsel in the above-captioned case. I am submitting this declaration in support of my firm's application for an award of attorneys' fees and expenses in connection with services rendered in the above-entitled action.

2. Because of Class Counsel's efforts in successfully resolving this litigation, the FLSA Plaintiffs will receive **100%** of their estimated overtime using a two-year statute of limitations using the overtime calculation method proposed by Class Counsel's expert witness. The Settlement Class will receive over **97%** of the wage deductions Class Counsel identified as the most likely to be recovered at trial under the state deductions statute, assuming Plaintiffs could prevail on other defenses advanced by Defendants. However, Defendants argued that the Vermont Administrative Code permits all deductions with written authorization, which would eliminate many categories of deductions altogether. Class Counsel determined, in light of the Administrative Code, that a near 100% recovery of the deductions most likely to be successful was an excellent result for the Class. Settlement Class members who did not elect to join the FLSA collective action

550780.1

will receive an additional amount equal to approximately 38% of their estimated overtime using a two-year statute of limitations using the same overtime calculation method as used in the FLSA overtime claim.

3. Lead Counsel sought to allocate work in the case among the various firms involved, endeavoring to avoid duplication of work. As demonstrated by Class Counsel's declarations and underlying records, Class Counsel strove to appropriately allocate tasks to junior partners, associates, or paralegals where possible, and carefully considered and limited staffing for travel, depositions, and hearings.

4. Plaintiffs' counsel incurred reasonable expenses during the course of the litigation which include expenses related to maintaining a document database, deposition transcripts, expert fees, filing fees, mediation fees, photocopying of documents, postage, and travel expenses among others detailed in the declarations submitted in support herewith. All of these costs were necessary and reasonably incurred to bring this case to a successful conclusion, and they reflect the market rates for the various categories of expenses incurred.

5. The Minneapolis law firm of Baillon Thome Jozwiak & Wanta LLP was established in 2011 and is a nine-attorney firm that practices exclusively in plaintiffs' side complex and employment litigation. The firm's class action practice is focused primarily on consumer and employment law.

6. I am a member in good standing of the Bar of Minnesota. I am admitted to practice before all courts for the State of Minnesota as well as the United States District court for the District of Minnesota, Northern District of Illinois, Central District of Illinois, the United States Court of Appeals for the First, Third, Fourth, and Eighth Circuits.

550780.1

7. I received my Juris Doctor degree from William Mitchell College of Law in 2008 and was admitted and I was admitted to the Minnesota State Bar in 2008.

8. I have served in the following court-appointed leadership capacities: Lead Plaintiffs' Counsel for *In re Life Time Fitness, Inc. Telephone Consumer Protection Act Litigation*, MDL 2564 (D. Minn.); Class Counsel in *Rehberg, et al. v. Flowers Foods Inc., et al.*, 12-cv-00596-MOC-DSC (W.D.N.C.); *Carr et al. v. Flowers Foods, Inc. et al.*, No. 2:15-cv-06391-LS (E.D. Penn.); *Noll et al. v. Flowers Foods, Inc. et al.*, No. 1:15-cv-00493-JAW (D. Me.); *Neff et al. v. Flowers Foods, Inc. et al.*, No. 5:15-cv-00254-GWC (D. Vt.); *Rosinbaum, et al v. Flowers Foods, Inc., et al.*, No. 7:16-cv-00233-FL (E.D.N.C.); *Smelser v. Martin's Famous Pastry Shoppe, Inc.*, 17-cv-01813-MPS (D. Conn.); *Johnson, et al. v. Thompson Reuters*, 18-cv-00070-PJS-HB (D. Minn.); *Dennings v. Clearwire Corporation*, C10-1859-JLR (D. Wash.); *Ketty v. Parkinson's Specialty Care, LLC*, 14-cv-04849, (D. Minn.); *Yarbrough v. Martin's Famous Pastry Shoppe, Inc.*, 11-cv-02144 (M.D. Pa.); *Low v. San Diego Union Tribune*, 11-cv-01090 (S.D. Ca.); *Chavez v. West Side Comm. Healthcare Svcs., Inc.*, 14-cv-00207 (D. Minn.); *Gulbankian, et al. v. MW Manufacturers, Inc.*, 10-cv-10392 (D. Mass.); and *Hartshorn, et al. v. MW Manufacturers, Inc.*, 2012-cv-30122 (D. Mass.). Executive Committee Member and Co-Chair of the Discovery Committee in *In re HardiePlank Fiber Cement Siding Litigation*, MDL No. 2359 (D. Minn); and Executive Committee Member for *Wright, et al. v. Owens Corning*, 09-cv-01567 (W.D. Pa.).

9. I have been consistently named to the list of Minnesota Rising Stars in class actions/mass torts since 2012 and selected to Minnesota Monthly's 2021 "Best Lawyers" for consumer law. I have been appointed to a number of executive committee memberships and as lead counsel in national class cases. I am active in board and committee work for both consumer litigation and employment law sections and currently serve on the Governing Council for

550780.1

Consumer Litigation Section of the Minnesota State Bar Association (MSBA). I am the past Secretary/Treasurer for the Employee Lawyers Association of the Upper Midwest and a member of the National Employment Lawyers Association (NELA), the MSBA, the Minnesota Chapter of the Federal Bar Association (FBA), and the National Association of Consumer Advocates (NACA).

10. Baillon Thome Jozwiak & Wanta LLP's firm resume, attached as Exhibit A, contains additional information regarding my experience, as well as the experience of the other primary attorney billers from my firm who worked on this case.

11. The hourly rates of Baillon Thome Jozwiak & Wanta LLP are appropriate for complex, nationwide litigation. The rates, which were used for purposes of calculating the lodestar here, are based on prevailing rates for national class action work and have been approved by multiple courts across the country.

12. I have reviewed the time records of my firm to ensure that any time that could be considered duplicative, excessive, administrative, vague, or otherwise unnecessary was not included in the application for an award of attorneys' fees and expenses in this matter. I believe that the time submitted by my firm in support of this attorney fee petition is reasonable and necessary under the circumstances of this litigation. My firm's task-based, itemized statement of attorneys' fees is available for the Court's review upon request.

13. The requested fee award does not include all of the continuing time that is and will be incurred by Plaintiffs' Counsel in connection with the current motion, settlement administration and the motion for final approval of the Settlement Agreement. The time over the next several months to complete the claims administration and settlement process will likely be significant.

550780.1

The omission of this time from the fee application is a further effort to ensure the reasonableness of Plaintiff's Counsel's fee request.

14. The hourly rates for the attorneys at my firm for whom time is submitted range from $350 to $850, and the hourly rates for non-lawyer billing staff range from $180 to $190. These rates have been accepted and approved in other contingent litigation and are comparable to rates charged by class action counsel in similar cases. The rates listed above are my firm's current published billing rates, except for ordinary document review time, which, by agreement of Class Counsel, was capped at $350 per hour.

15. The total number of hours spent on this litigation by my firm is 2270.73.

16. The total lodestar amount for attorney/professional time based on my firm's usual and customary rates is $1,010,514.20.

17. A breakdown of my firm's lodestar by attorney is as follows:

| Name | Hours | Rate | Lodestar |
|---|---|---|---|
| Shawn J. Wanta (P) | 1083.60 | $600 | $650,160.00 |
| Christopher Jozwiak (P) | 33.80 | $600 | $20,280.00 |
| Scott Moriarity (P) | 128.90 | $525 | $67,672.50 |
| Patricia A. Bloodgood (P) | 1.00 | $850 | $850.00 |
| Luis Larrea (A) | 255.37 | $350 | $89,379.50 |
| Aimee Jacobson (PL) | 1.70 | $190 | $323.00 |
| Clemence Veronneau (PL) | 14.80 | $190 | $2,664.00 |
| Gretta Grayden (PL) | 17.70 | $180 | $3,186.00 |
| Jeremy Reichenberger (PL) | 1.00 | $180 | $180.00 |
| Lindsay Christensen (PL) | 198.20 | $190 | $37,658.00 |
| Mary Randall (PL) | 258.92 | $180 | $46,605.60 |
| Melanie Hensold (PL) | 6.5 | $190 | $1,235.00 |
| Raquel Vieira (PL) | 104.76 | $190 | $19,904.40 |
| Ava Gallagher (PL) | .75 | $190 | $142.50 |
| Alison Froehle (PL) | .20 | $190 | $38.00 |
| Zach Anderson (PL) | 6.33 | $190 | $1,202.70 |
| Ted McGee (LC) | 3.00 | $180 | $540.00 |
| Patricia Dana (LC) | 3.45 | $190 | $655.50 |
| **Totals** | **2270.73** | | **$1,010,514.20** |

550780.1

18. Based upon my experience with other class action matters, I believe that the time expended by my firm for this action is reasonable in amount and was necessarily incurred in connection with the prosecution of this complex, hard-fought litigation.

19. During the course of this litigation, my firm paid money into a litigation fund, which was used to pay common litigation costs incurred for the overall prosecution of the case. *See* Declaration of Susan E. Ellingstad at ¶ 17, which contains a summary of expenses paid out of the litigation fund.

20. In addition to the money paid into the litigation fund for common expenses, my firm incurred a total of $22,416.35 in expenses for the prosecution of this litigation. They are broken down as follows:

| EXPENSE CATEGORY | AMOUNT |
| --- | --- |
| Court Fees (filing, etc.) | $1,041.60 |
| Court Reporters/Transcripts | $282.60 |
| Reproduction/Duplication/Copies | $945.39 |
| Express Delivery/Messenger | $1,909.97 |
| Telephone/Fax/Postage | $411.34 |
| Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | $17,814.63 |
| **TOTAL:** | $22,416.35 |

21. The aforementioned expenses pertaining to this case are reflected in the books and records of this firm. These books and records are prepared from expense vouchers, check records and other documents and are an accurate record of the expenses. The expense records and backup documentation are available for the Court's review upon request.

I declare under penalty of perjury under the laws of the State of Minnesota that the foregoing is true and correct.

Executed this 13th day of July 2020.                          s/ Shawn J. Wanta
                                                                                    Shawn J. Wanta

550780.1